IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

BRENDA MVENG-WHITTED,

          Plaintiff,

v.                                          Civil Action No. 3:11-cv-00842-JAG

VIRGINIA STATE UNIVERSITY,
and THOMAS LAROSE
          Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the motion for reconsideration filed by the defendants, Thomas LaRose ("LaRose") and Virginia State University. In its previous Memorandum Opinion and Order, the Court declined to dismiss the plaintiff's race discrimination claim against LaRose, brought under 42 U.S.C. §§ 1981 and 1983 and the Equal Protection Clause of the Fourteenth Amendment. Instead, the Court directed the plaintiff, Brenda Mveng-Whitted ("Mveng-Whitted"), to elect whether to proceed with either (1) an equal protection claim pursuant to § 1983 or (2) a § 1981 claim. The plaintiff elected to proceed under §1981.

The choice of theory raises an important legal question: which statute of limitations applies in this case? The defendants contend that § 1983's two-year statute of limitations applies;[1] Mveng-Whitted urges the Court to follow the four-year limitation set forth in 28 U.S.C. § 1658. If the two-year limitation applies, Mveng-Whitted's claim is time barred. If the longer

---

[1] Section 1983 actually contains no statute of limitations. Rather, it "borrows" Virginia's two-year limitation on personal injury suits. *Almond v. Kent*, 459 F.2d 200, 203–04 (4th Cir. 1972); *Lucas v. Henrico Cnty. Sch. Bd.*, 822 F. Supp. 2d 589, 605–06 (E.D. Va. 2011); *Amr v. Va. State Univ.*, 2011 WL 4404030, at *14 (E.D. Va. Aug. 11, 2011); Va. Code Ann. § 8.01-243 ("[E]very action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues.").

limitation applies, Mveng-Whitted's case survives.[2] The defendants now ask the Court to dismiss the case based on § 1983's two-year limitation. The Court holds, however, that the four-year statute of limitations applies to this claim, because Mveng-Whitted's claim arises under the 1991 amendments to § 1981. The 1991 amendments create Mveng-Whitted's legal right in this case, so, as discussed below, § 1658 supplies a four-year limitations period.

Subsection (b) of 42 U.S.C. § 1981 was adopted in 1991, overturning *Patterson v. McLean Credit Union*, 491 U.S. 164, 171 (1989). In *Patterson*, the Supreme Court had held that "racial harassment related to the conditions of employment is not actionable under § 1981." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004) (citing *Patterson*, 491 U.S. at 171). After the amendments, § 1981 now outlaws discrimination not only in the making of contracts, but also *after* formation of the contract. *Id.* Since Mveng-Whitted claims various forms of harassment on the job (post-formation discrimination), her suit necessarily relies on the 1991 amendments to § 1981.

28 U.S.C. § 1658 provides a four-year statute of limitations for any cause of action "arising under an Act of Congress enacted" after December 1, 1990. Thus, ordinarily a claim under the 1991 amendments would have a four-year limitation.

Because LaRose is a state actor, however, the question in this case takes on additional complications. Section 1983 provides the exclusive damages remedy for deprivations of constitutional rights under § 1981 by state actors, such as the defendants here. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989); *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995). Thus, a plaintiff must bring suit under § 1983 to enforce her rights under § 1981; § 1983 provides the *vehicle* for each of the plaintiff's possible claims, but the amendment to §

---

[2] Nothing in this opinion implies that the plaintiff's claim is valid or invalid. The court is only addressing the limitations question.

1981 creates the plaintiff's legal right. In short, the issue is whether the statute of limitations depends on the remedy (§ 1983) or the underlying right (as defined in § 1981(b)).

Neither the Supreme Court nor the Fourth Circuit has ruled on this issue. A footnote in a Supreme Court decision, however, provides some guidance. In *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113 (2005), the plaintiff tried to bring a claim for damages under § 1983 to enforce a right created by the Telecommunications Act of 1996 ("TCA"). Because Congress enacted the TCA after 1990, the Court acknowledged that a question might arise whether the § 1983 limitation or the § 1658 limitation governed the case. In dictum,[3] the Court said:

> The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts. On this basis, the applicable limitations period for respondent's § 1983 action would presumably be one year. It may be, however, that this limitations period does not apply to respondent's § 1983 claim. In 1990, Congress enacted 28 U.S.C. § 1658(a), which provides a 4–year, catchall limitations period applicable to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990. In *Jones v. R.R. Donnelley & Sons Co.*, we held that this 4–year limitations period applies to all claims "made possible by a post–1990 [congressional] enactment." Since the claim here rests upon violation of the post–1990 TCA, § 1658 would seem to apply.

*Id.* at 123 n. 5 (citations omitted). In short, *Rancho Palos Verdes* indicates that for claims "made possible" by an enactment after 1990, the four-year limitation applies, regardless of the procedural vehicle used to enforce the right.

Admittedly, *Rancho Palos Verdes*'s dictum, "§ 1658 would seem to apply," is not a ringing endorsement for application of the four-year limitation in the context of this case. But *Jones v. R.R. Donnelly & Sons, Inc.*, *supra*, which discussed the Congressional intent of 28 U.S.C. § 1658, provides additional support. There, the Court found that one purpose was to provide uniformity in limitations on federal claims by eliminating case-by-case analysis of

---

[3] Ultimately, the Court decided that the plaintiff could not enforce the TCA through § 1983, so its comments on the statute of limitations are unnecessary to the Court's decision.

whether to "borrow" a limitation from state law. Along these same lines, the Court observed that § 1658 eliminated complicated choice-of-law questions, and inconsistent results, when venue lies in more than one state. *See Jones*, 541 U.S. at 378–79. The Court indicated, furthermore, that § 1658 should be read broadly. "The history that led to the enactment of § 1658 strongly supports an interpretation that fills more rather than less of the void that has created so much unnecessary work for federal judges." *Id.* at 380. Consistent with these purposes, *Jones* instructs courts on how to analyze § 1658's applicability to new enactments. "What matters is the substantive effect of an enactment—the creation of new rights of action and corresponding liabilities—not the format in which it appears in the Code." *Id.* at 381.

Neither *Jones* nor *Rancho Palos Verdes* addressed the precise issue presented here. In a case squarely on point, however, the Eleventh Circuit held that § 1658's four-year statute of limitations applies to a suit under the § 1981 amendments against state actors brought pursuant to § 1983. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1338–39 (11th Cir. 2008). Notably, the Eleventh Circuit, like the Fourth Circuit, has expressly recognized *Jett's* requirement that § 1981 claims against state actors must proceed under § 1983. *See Butts v. County of Volusia*, 222 F.3d 891, 892–94 (11th Cir. 2000) (citing *Dennis*, 55 F.3d at 156 n. 1). Nevertheless, citing *Jones*, the Eleventh Circuit held that a claim of post-contract violation of § 1981 is "made possible by" the 1991 amendments. *Baker*, 531 F.3d at 1338–39. Thus, the plaintiff's cause of action arose under the new statute, and the court held that it would be inconsistent with the teachings of *Jones* to apply the shorter limitation that governed § 1983 actions.[4]

---

[4] The defendants rely largely on a recent case in which the Sixth Circuit held that "§ 1983 is the exclusive mechanism to vindicate violations of § 1981 by an individual state actor." *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012). In the Sixth Circuit's view, this conclusion appears to have resolved the statute of limitations question as well. As a § 1983 suit, the shorter statute of limitations applied. But, as the Sixth Circuit stated, "the foremost issue

4

The weight of authority around the country supports the Eleventh Circuit's reasoning. *See Gallentine v. Housing Authority of City of Port Arthur*, ___ F. Supp. 2d ___, 2013 WL 244651, at *22 n. 10 (E.D. Tex. 2013) (following *Baker* and "other authorities"); *Robinson v. City of Arkansas City*, ___ F. Supp. 2d ___, 2012 WL 3834731, at * 17–18 (D. Kan. 2012) ("The Court will follow the only published court of appeals decision on this issue and apply the four-year statute of limitations."); *DeNigris v. New York City Health and Hospitals Corp.*, 861 F. Supp. 2d 185, 191–92 (S.D.N.Y. 2012) ("Here, to the extent Plaintiff's § 1981 and § 1983 claims seek recovery for discriminatory acts occurring in the course of her contractual relationship with Defendants, her cause of action was authorized by the 1991 amendment and the four-year federal catch-all statute of limitations will apply."); *Ortiz v. City of New York*, 755 F. Supp. 2d 399, 405–08 (E.D.N.Y. 2010) (holding the same after extensive discussion); *Williams v. Hawkeye Community College*, 494 F. Supp. 2d 1032, 1040, 1041 (N.D. Iowa 2007) ("hold[ing] that, under the plain language of § 1658 and the Supreme Court's holding in *Jones*, a four-year statute of limitations applies to those portions of [the plaintiff's § 1981 claim] alleging racial discrimination, harassment and retaliation," even though "formally styled as a § 1983 claim").

These courts have reached this shared opinion based, in large part, on their construction of the term "arising under," as interpreted by the Supreme Court in *Jones*. Because the 1991 amendments "made possible" a § 1981 claim based on an employer's conduct *after* contract formation, these claims are said to "arise under" a post-1990 congressional act and hence fall under § 1658's four-year statute of limitations. *See Baker*, 531 F.3d at 1338 (citing *Jones*, 541

---

presented" to it was "whether § 1983's express cause of action against state actors precludes using § 1981 as a mechanism to sue state actors for money damages in their individual capacity." *Id.* at 658. It did not squarely face the statute of limitations question, as the Eleventh Circuit has, and as this Court must in the instant case. Thus, the Sixth Circuit's decision is far less conclusive than the defendants would have the Court believe.

5

U.S. at 382). To put it simply, what matters is not whether a plaintiff formally styles her claim under § 1981 or § 1983; either way, *Jett* requires the plaintiff to use § 1983 as a vehicle to assert a claim against a state actor. Instead, what matters is the *substance* of the plaintiff's claim—whether it deals with discrimination in contract formation or, alternatively, in post-formation conduct. *See Robinson*, 2012 WL 3834731, at *18 (citations omitted). Discrimination in contracting was actionable prior to the 1991 amendments; hence a two-year limit applies. On the contrary, post-formation discrimination—regardless of whether the defendant is a state or non-state actor—became a colorable § 1981 claim only after the 1991 amendments. Thus, a four-year statute of limitations must apply. This outcome is most faithful to the Supreme Court's decisions in *Jones* and *Rancho Palos Verdes* and to Congress's judgment in adopting § 1658. The rationale behind this outcome is much more persuasive than reliance on the form of the claim, standing alone.

Since Mveng-Whitted's claim arises under the 1991 amendments to 42 U.S.C. § 1981, the Court has no hesitation concluding, based on the foregoing discussion, that a four-year statute of limitations should apply to the plaintiff's claim against Thomas LaRose.

The defendants' motion for reconsideration is denied.

The Court will enter an appropriate order.

Date: February 21, 2013
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge